IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| BRENDA MCCRAE, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 12-cv-02096-AW |
| | * | |
| SEARS HOLDING CORP. *et al*, | * | |
| Defendants. | * | |

*************************************************************************

## MEMORANDUM OPINION

Pending before the Court is Defendant Sedgwick Claims Management Services, Inc.'s ("Sedgwick")'s Motion to Dismiss or in the Alternative for Summary Judgment, Doc. No. 15, and Plaintiff Brenda McCrae's ("McCrae")'s Motion for Extension of Time to File a Response, Doc. No. 17. The Court has reviewed the motion papers and concludes that no hearing is necessary. Loc. R. 105.6 (D. Md. 2011). For the reasons articulated below, Sedgwick's Motion will be GRANTED, and McCrae's Motion will be DENIED.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this negligence action against Defendants Sears Holding Corporation ("Sears") and Sedgwick in the Circuit Court of Maryland for Prince George's County on March 26, 2010. Doc. No. 2. The record reflects that McCrae amended her Complaint on May 5, 2011, and again on June 8, 2012. Doc. Nos. 4 and 9. McCrae alleges that she suffered injuries at a Sears retail store in Bowie, Maryland on April 28, 2007 when a lawnmower fell on her after becoming dislodged from the display area. Doc. No. 9, ¶ 3.

Sedgwick accepted service of the June 8, 2012 second amended complaint on June 13, 2012. Doc. No. 1, ¶ 2. Sedgwick filed an Answer to Plaintiff's Complaint in the Circuit Court of Maryland on July 12, 2012, and removed the action to this Court the following day. Doc. Nos. 1 and 11. Sears was never served, and on August 15, 2012, the Court ordered McCrae to show cause within fourteen days as to why the case should not be dismissed as to Sears. Doc. No. 14. On August 16, 2012, Sedgwick filed its Motion to Dismiss or in the Alternative for Summary Judgment. Doc. No. 15. McCrae filed her Motion for Extension of Time to File a Response on August 31, 2012, Doc. No. 17, but also filed a Response to Sedgwick's Motion the same day, Doc. No. 18.[1] McCrae has not responded to the Court's August 15 Show Cause Order.

## II.   STANDARD OF REVIEW

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy Rule 8(a) of the Federal Rules of Civil Procedure, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, "[w]hen there are well-

---

[1] McCrae's Response was titled and docketed as "Motion to Dismiss/Deny Summary Judgment Against Plaintiff." Doc. No. 18.

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as for one summary judgment under Rule 56. Fed. R. Civ. Pro. 12(d). In this case, Sedgwick filed an affidavit with its Motion, and as such, this Court will treat Sedgwick's Motion as one for summary judgment. Summary judgment is only appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, a party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

**III.     ANALYSIS**

   A.     <u>Claims Against Sedgwick</u>

The basis of McCrae's negligence claim is that Defendants owed her a duty of care when she was injured in the Sears department store in 2007. Doc. No. 9, ¶¶ 3–5. However, Sedgwick is a liability insurance carrier for Sears, and does not own, operate, manage, or lease any Sears retail locations, including the Bowie location where the incident allegedly occurred. Doc. No. 15-3, ¶¶ 7–8. Sedgwick was responsible for communicating with McCrae and attempting to resolve her claim against Sears, and these communications were the only interactions between McCrae and Sedgwick prior to and immediately following the filing of McCrae's complaint. *Id.* ¶ 5–6; Doc. No. 15-1, at 5. McCrae does not dispute these facts in her briefs, but asserts that her case should not be dismissed because she has proof of Defendants' negligence, she received correspondence from Sedgwick from a Sears address, and there is "unclear, deceptive information" regarding the mailing addresses and relationship of Sedgwick and Sears. Doc. Nos. 17 and 18.

Maryland business owners and operators "owe[] a duty to [their] customers to exercise ordinary care to keep the premises in a reasonably safe condition, and will be liable for injuries sustained in consequence of a failure to do so." *Rawls v. Hochschild, Kohn & Co.*, 113 A.2d 405, 407 (Md. 1955). This duty of care must be exercised by those who possess, own, manage, or operate the premises where the injury occurs. *See, e.g.*, *Maans v. Giant of Md., L.L.C.*, 871 A.2d 627, 630–32 (Md. Ct. Spec. App. 2005); RESTATEMENT (SECOND) OF TORTS § 343 (1965). McCrae has not disputed Sedgwick's evidence that it did not own, operate, or manage the Sears store in which she was injured. Accordingly, there is no genuine issue of material fact that Sedgwick did not owe a duty of care to McCrae when she suffered her injuries, and her

negligence claim against Sedgwick fails as a matter of law. McCrae's vague, unsupported allegations regarding the relationship between Sears and Sedgwick are not sufficient to create a disputed, material fact.

McCrae's claims must also be dismissed under the Rule 12(b)(6) standard. The only allegation in her complaint specifically directed to Sedgwick is that it is a liability insurance carrier for Sears. Even accepting McCrae's broader factual allegations regarding the alleged incident and injury, she has stated no plausible claim for relief against Sedgwick. Accordingly, Sedgwick's Motion to Dismiss or in the Alternative for Summary Judgment will be granted.

In her Motion for an extension of time to respond, McCrae asserts that she has proof of Defendants' negligence and she needs a chance to get more information from Defendants or their attorneys. Doc. No. 17. McCrae does not attach any proof of negligence to her motion, does not contend that she will be able to obtain evidence that Sedgwick owed her a duty of care when she was injured at Sears, and provides no specific reasons why the Court should grant her Motion. McCrae has failed to establish "good cause" that would entitle her to an extension, and her Motion will be denied.[2] *See* Fed. R. Civ. Pro. 6(b).

B. <u>Claims Against Sears</u>

As discussed above, on August 15, 2012 McCrae was ordered to show cause as to why her claims against Sears should not be dismissed for failure to effectuate service of process. Doc. No. 14. McCrae did not respond to the Court's August 15 Order, and has failed to explain in the motions pending before this Court why Sears has not been served well over two years after this action commenced. Accordingly, McCrae's claims against Sears will be dismissed without prejudice. *See* Loc. R. 103.8(a) (D. Md. 2011).

---

[2] McCrae also timely filed a Response to Sedgwick's Motion on August 31, 2012, thereby rendering her Motion for Extension moot. *See* Doc. No. 18.

**IV.   CONCLUSION**

For the foregoing reasons, Sedgwick's Motion to Dismiss or in the Alternative for Summary Judgment will be GRANTED, and McCrae's Motion for Extension of Time to File a Response will be DENIED.  A separate Order will follow.

/s/
Alexander Williams, Jr.
UNITED STATES DISTRICT JUDGE